IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BARBARA B. PHILLIPS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 03-0887-WS-C |
| ) | |
| **ENERGY SOUTH, INC., d/b/a** ) | |
| **MOBILE GAS SERVICE CORP.,** ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on defendant's Motion in Limine (doc. 37). The Motion has two components. First, defendant requests exclusion of evidence relating to the contentions of non-parties Felica Thornton, Aree Scott, Sherine Perine and Bridgette Bettison that they were discriminated against on the basis of their race. Second, defendant seeks to exclude evidence regarding plaintiff's non-promotion to Head Cashier in April 2000. Both aspects of the Motion have been briefed and are now ripe.

**I.    Procedural Background.**

Plaintiff Barbara Phillips ("Phillips") brought this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and 42 U.S.C. § 1981, alleging that defendant Energy South, Inc., d/b/a Mobile Gas Service Corp. ("Mobile Gas") engaged in unlawful employment discrimination against her on the basis of her race. The Complaint identified six instances of alleged race discrimination, including the following: (i) denial of promotion to Head Cashier in April 2000; (ii) denial of non-competitive promotion to CRR-I in October 2001; (iii) denial of promotion to Cash Coordinator in October 2002; (iv) failure to give plaintiff a formal performance review and an accompanying pay increase in November 2001; (v) a discriminatory pay claim alleging that Mobile Gas hired a white employee in September 2002 at a higher rate of pay than Phillips, even though Phillips had been there for three years and had trained the new hire; and (vi) a constructive discharge claim alleging

that Phillips was forced to resign in April 2003 because of the denial of promotions.

At the close of discovery, Mobile Gas moved for summary judgment. On December 27, 2004, the Court entered an Order (doc. 25) granting the motion as to all of plaintiff's claims except for her § 1981 claims relating to the CRR-I promotion in October 2001 and the pay disparity between Phillips and a more junior white employee in fall 2002. These two causes of action are the only claims remaining for trial. Defendant now asks the Court to exclude certain categories of evidence that plaintiff intends to introduce at trial.

## II.     Motion to Exclude "Other Employees" Evidence.

The court file reflects that Phillips intends to call four other African-American former employees of Mobile Gas to testify at trial as to their own experiences of alleged racial discrimination during such employment. According to Phillips, witness Felica Thornton would testify that she was denied a promotion to a Call Center position on the basis of her race. Likewise, witness Aree Scott would testify that she was denied a promotion to Meter Reader Supervisor in 2003 because of her race. Further, witness Sharon Perine would testify that she "had difficulty" with pay increases and promotions at Mobile Gas and that her performance evaluations were unfair. Finally, witness Bridgette Bettison would testify that she worked in a stressful, busy office which she sometimes handled by herself, and that she has "had problems receiving a promotion to Customer Service Rep. I." (Defendants' Brief (doc. 39), at Exh. B.)

As grounds for its Motion, Mobile Gas maintains that this evidence is irrelevant to whether Phillips was subjected to race discrimination, and that it should therefore be excluded pursuant to Rule 401, Fed.R.Evid. Alternatively, defendant asserts that the evidence should be barred under Rule 403 because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and undue delay. In response to defendant's eight-page memorandum of law and accompanying exhibits, plaintiff devotes a scant four sentences of text to the "other employees" issue. Offering neither citations of authority nor analysis of how the challenged evidence advances her case, plaintiff simply states in conclusory terms that this testimony is admissible "habit" evidence under Rule 406, that it will establish that Mobile Gas had a pattern or practice of not promoting blacks, and that

any confusion "can clearly be resolved through testimony and jury instructions." (Plaintiff's Brief (doc. 41), at 2.)

A survey of relevant caselaw confirms that so-called "anecdotal" or "me too" evidence from other alleged victims of unlawful discrimination is neither *per se* admissible nor *per se* inadmissible, and that the district court has broad discretion in assessing its admissibility based on case-specific facts and circumstances. *See Cummings v. Standard Register Co.*, 265 F.3d 56, 63 (1st Cir. 2001) (when confronted with anecdotal evidence of discrimination, "the trial court must consider the evidence in light of the entire case and determine whether it provides a basis for reasonable inferences related to the plaintiff's claim"); *see generally Busby v. City of Orlando*, 931 F.2d 764, 785 (11th Cir. 1991) (recognizing district court's broad discretion in deciding whether to admit evidence of racial slurs not made by plaintiff's supervisor and not made in plaintiff's presence). The Court therefore cannot issue a blanket declaration that this type of evidence must always be, or cannot possibly be, admissible. Rather, the challenged evidence must be evaluated in the context of the specific topography of this case.

The appellate courts do not appear entirely uniform in their receptivity to "me too" testimony. *Compare Reed v. National Linen Service*, 1999 WL 407463, *7 (6th Cir. June 2, 1999) ("Trial courts regularly prohibit 'me too' evidence from or about other employees who claim discriminatory treatment because it is highly prejudicial, but only slightly relevant.") *with Ansell v. Green Acres Contracting Co.*, 347 F.3d 515, 521 (3rd Cir. 2003) ("Evidence of an employer's conduct towards other employees has long been held relevant and admissible to show that an employer's proffered justification is pretext."). Nonetheless, the Court concurs with and adopts the prevailing view that anecdotal evidence is admissible only if such testimony has a demonstrable nexus to the wrongdoing about which plaintiff complains. *See Minshall v. McGraw Hill Broadcasting Co.*, 323 F.3d 1273, 1285 (10th Cir. 2003) ("The testimony of employees, other than plaintiff, is relevant in assessing the employer's discriminatory intent if the employees' testimony can logically or reasonably be tied to the adverse employment action taken against the plaintiff."); *Grayson v. O'Neill*, 308 F.3d 808, 816-17 (7th Cir. 2002) ("Evidence of generalized racism directed at others is not relevant unless it has some relationship with the employment decision in question.").

In assessing whether the requisite connection exists, courts have focused on whether the "me too" evidence involves the same or different decisionmakers, whether it involves employees in the same or different parts of the company, and whether it is proximate to or remote in time from the plaintiff's claims.  *See Heno v. Sprint/United Management Co.*, 208 F.3d 847, 856 (10th Cir. 2000) (explaining that a sufficient link between proffered anecdotal evidence and the plaintiff's claims can be established where the same decisionmakers were involved and where the anecdotal evidence is not unduly removed in time from the disputed actions); *Schrand v. Federal Pacific Elec. Co.*, 851 F.2d 152, 156 (6th Cir. 1988) (finding that testimony from former employees who worked in different offices and under different supervisors was irrelevant to plaintiff's discrimination claim); *Nichols v. Azteca Restaurant Enterprises, Inc*. 2001 WL 804002, *1 (9th Cir. July 16, 2001) ("The proffered pattern and practice testimony was unconnected in time, place and actor to Appellants, and its exclusion was not an abuse of discretion.").  The key overriding inquiry is whether the witnesses' circumstances are sufficiently similar to and aligned with plaintiff's that their testimony might reasonably be probative of the issues being litigated.  *See Spulak v. K Mart Corp.*, 894 F.2d 1150, 1156 & n.2 (10th Cir. 1990) (no error to admit other employees' testimony regarding alleged discrimination, even though they worked for different district manager than plaintiff, where circumstances under which each was terminated were allegedly similar to plaintiff's); *Sims v. Mulcahy*, 902 F.2d 524, 531 (7th Cir. 1990) (holding that introduction of alleged discriminatory acts with no relation to discrimination claimed by plaintiff creates "mini-trials" with no probative value).

The Court finds persuasive the Fifth Circuit's reasoning that "testimony from former employees who had different supervisors than the plaintiff, who worked in different parts of the employer's company, or whose terminations were removed in time from the plaintiff's termination cannot be probative of whether" the plaintiff was subjected to unlawful employment discrimination.  *Wyvill v. United Companies Life Ins. Co.*, 212 F.3d 296, 302 (5th Cir. 2000).  The *Wyvill* court concluded that the lower court had abused its discretion in admitting anecdotal evidence from other employees who were not similarly situated to the plaintiff, and that such error had prejudiced the defendant by forcing it to respond to and litigate "mini-trials" regarding those witnesses' allegations of discrimination.

*Id.* at 303-304.  Where anecdotal evidence relates to employees who held different jobs, executed different duties and were accountable to different supervisors than was the plaintiff, it is simply "irrelevant in supporting a 'pattern or practice' claim." *Id.* at 303.

In litigating this Motion in Limine, the onus is on Phillips to "connect the dots" by showing how the experiences of her witnesses may be linked to her own claims.  She has not done so.  Phillips has not argued that any of Thornton, Scott, Perine or Bettison was subject to the same decisionmakers about which Phillips complains.  The evidence is otherwise.  Thornton apparently sought a job in the Call Center, Scott desired a promotion in the Meter Reading Department, Perine was dissatisfied with her treatment in the Marketing Department, and Bettison was unhappy with circumstances in Mobile Gas's Prichard Office.  But there is no evidence before the Court that Phillips ever worked in or sought promotions in the Call Center, the Meter Reading Department, or the Marketing Department, or that she ever worked in the Prichard Office.  Moreover, the proffered anecdotal evidence does not appear to involve the same types of claims asserted by plaintiff.  None of these witnesses would apparently testify that they were paid less than similarly situated white employees, or that they were wrongfully passed over for a non-competitive promotion because of race.  It is unclear from plaintiff's cursory submission whether the challenged testimony even concerns the same temporal period as plaintiff's allegations.

In sum, Phillips wishes to introduce anecdotal testimony at trial from four Mobile Gas employees who did not work in her department and/or office, who were not wronged by the same decisionmakers, and who may or may not have been her contemporaries.  It is difficult to discern how such evidence could establish, or even tend to show, that the events of which Phillips complains were motivated by intentional racial discrimination.  From plaintiff's skeletal filing, it does not appear that there is <u>any</u> nexus between the testimony of these witnesses and Phillips' own claims; rather, the only common bond appears to be that both the witnesses and Phillips are African-Americans who believe that Mobile Gas discriminated against them.  Such a gossamer link is far too tenuous, as a matter of

law, to render that evidence probative or admissible under Rule 401.[1]  Even if such testimony were marginally relevant for Rule 401 purposes, the Court readily concludes that its probative value is far outweighed by the risk of unfair prejudice, confusion to the jury, and delay attendant to such "mini-trials" on collateral matters, thereby rendering the testimony inadmissible under Rule 403.

For all of the foregoing reasons, defendant's Motion in Limine to exclude "me too" evidence from witnesses who contend that Mobile Gas discriminated against them is **granted**.

### III.  Motion to Exclude Evidence of Head Cashier Nonpromotion.

Defendant also seeks to exclude evidence regarding Phillips' nonpromotion to the Head Cashier position in April 2000.  That claim was part of the Complaint and has previously been addressed by this Court on the merits.  Indeed, in ruling on Mobile Gas's motion for summary judgment, the Court dismissed plaintiff's § 1981 claim relating to the Head Cashier job on the grounds, *inter alia*, that the record contained insufficient evidence of pretext to support an inference that the denial of promotion was discriminatory.  The Order provided, in relevant part, as follows:

> "Even if the April 2000 claim were timely, Mobile Gas would nonetheless be entitled to summary judgment.  Assuming Phillips has established a *prima facie* case of race discrimination, Mobile Gas has presented a legitimate nondiscriminatory reason for her

---

[1]  In so finding, the Court rejects plaintiff's contention that this testimony is relevant under Rule 406, as evidence of the "routine practice of an organization."  (Plaintiff's Brief, at 1-2.)  The experiences of four individuals in different departments at the hands of different decisionmakers in a large company employing hundreds of employees are far too isolated and sporadic to be fairly characterized as casting light on the "routine practice" of Mobile Gas.  *See McWhorter v. City of Birmingham*, 906 F.2d 674, 679 (11th Cir. 1990) (finding that proposed other employee testimony regarding alleged discrimination did not rise to level of habit evidence under Rule 406, inasmuch as adequacy of sampling and uniformity of response bear on assessment of habit evidence); *Wyvill*, 212 F.3d at 302 (explaining that a pattern or practice of discrimination does not consist of isolated or sporadic discriminatory acts, but rather requires a showing that unlawful discrimination was company's standard operating procedure); *see generally Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1088-89 (11th Cir. 2004) (plaintiff improperly relied on cases involving challenges of employment practices and procedures in effort to introduce evidence of employer's treatment of other employees, where plaintiff asserted merely an individual claim of disparate treatment relating to denial of a promotion).  Even if this evidence bore a modicum of relevance under Rule 406, its probative value is vanishingly low given the vast chasm separating the "me too" witnesses' circumstances from those of Phillips.

> non-selection, to-wit: the selectee had longer service with Mobile Gas and an unblemished employment record, while Phillips had less service and was on probation when the promotion decision was made. Phillips having failed to present sufficient evidence to create a genuine issue of material fact that the stated reason for her non-selection was pretextual, Mobile Gas is entitled to summary judgment on this cause of action on the merits."

(December 27 Order (doc. 25), at 21.) In deeming the pretext evidence lacking, the Court pointed out that Phillips had offered no evidence that her probation was a sham or was otherwise unjustified, that the successful applicant did not have a better job record and longer service than Phillips, or that Mobile Gas's promotion decision was based on any factors other than job record and length of service. (*Id.* at 21 n.29.) Plaintiff's attempt to besmirch the successful applicant's job record by accusing her of cash shortages was deemed unavailing for Rule 56 purposes, as a matter of law, because the alleged shortages postdated the promotion decision at issue by a considerable margin. (*Id.*)

Notwithstanding this Court's dismissal of the Head Cashier claim on the merits at the summary judgment stage, plaintiff now seeks to introduce evidence of her nonpromotion for that job as evidence of Mobile Gas's "habit" or "routine practice." (Plaintiff's Brief, at 1-2.) But the Court has already ruled that plaintiff has presented insufficient evidence to raise an inference of race discrimination as to the Head Cashier promotion decision. Plaintiff does not challenge that ruling as incorrect. She does not identify additional evidence pertaining to that incident that she believes might raise an inference that it was racially motivated. Yet she would present evidence of this woefully deficient claim to a jury as a means of showing the "routine practice of an organization" to discriminate on the basis of race. Such a strategy would impermissibly circumvent the December 27 Order. It also would make no sense. Because Phillips' nonpromotion to the Head Cashier job has been held not to support an inference of discrimination, that evidence could not under any circumstances be probative of a "routine practice" of race discrimination by Mobile Gas.[2] As such, it is irrelevant to the issues in this case.

Evidence relating to the Head Cashier promotion would needlessly squander the time of the

---

[2] It also fails to demonstrate "routine practice" for Rule 406 purposes because it lacks the "adequacy of sampling and uniformity of response" indicia championed by the Eleventh Circuit in *McWhorter* as being necessary for assessment of habit evidence. *McWhorter*, 906 F.2d at 679.

Court, the litigants and the jury by re-litigating a plainly meritless claim that has previously been weighed, measured and found wanting. This evidence would not support a showing that Mobile Gas had a habit or routine practice of race discrimination in personnel matters. Accordingly, the Court readily concludes that evidence of plaintiff's nonselection for the Head Cashier promotion in April 2000 is inadmissible under Rule 401 and Rule 403.

### IV. Conclusion.

For all of the foregoing reasons, defendant's Motion in Limine is **granted**. The following evidence will be **excluded** at trial: (1) evidence relating to the contentions of Felica Thornton, Aree Scott, Sharon Perine, and Bridgette Bettison that Mobile Gas discriminated against them on the basis of their race; and (2) evidence pertaining to Phillips' nonpromotion to the position of Head Cashier in April 2000. As the parties know, the jury trial of this action is set to commence on **May 18, 2005** at **9:00 a.m.**

DONE and ORDERED this 16th day of May, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE